Montgomery v ELRAC, Enter. Holdings, Inc. (2022 NY Slip Op 00508)





Montgomery v ELRAC, Enter. Holdings, Inc.


2022 NY Slip Op 00508


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Index No. 25814/16E Appeal No. 15181 Case No. 2021-03162 

[*1]Shaniqua Montgomery, Plaintiff-Appellant,
v
ELRAC, Enter. Holdings, Inc., et al., Defendants-Respondents, Simon Zais, Defendant.


Umoh Law Firm, PLLC, Brooklyn (Uwem Umoh of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Merril S. Biscone of counsel), for respondents.



Order, Supreme Court, Bronx County (RubÉn Franco, J.), entered August 9, 2021, which granted defendants ELRAC, Enterprise Holding, Inc., Milly Zager, and Does 1-10's motion to change the venue of the action to New York County and denied plaintiff's cross motion to retain venue in Bronx County, unanimously affirmed, without costs.
Plaintiff commenced this employment discrimination action in August 2016, designating Bronx County as the venue based on her residence. Her amended complaint, filed in October 2019, reiterated that she was a Bronx County resident. On October 15, 2020, the first day of plaintiff's examination before trial (EBT), she testified that, in the previous 12 years, she had lived exclusively in Manhattan and Brooklyn. Defendants served plaintiff with the transcript of her EBT on November 30, 2020, but plaintiff never sought to correct any errors in her deposition. On January 4, 2021, defendants served a demand to change venue and, on February 8, 2021, they served formal post-EBT discovery demands, to which plaintiff did not respond.
On April 30, 2021, defendants moved to change the venue of the action to New York County. Plaintiff cross-moved to retain venue in the Bronx, relying on documents which were inadmissible and lacked probative value. The court granted defendant's motion.
We reject plaintiff's argument that the court abused its discretion in granting defendant's untimely motion. A trial court may exercise its discretion and grant such a motion when the defendant's delay can be attributed to plaintiff's willful omissions or misleading statements and the defendant moves promptly after ascertaining the truth about plaintiff's residence (Algarin v Sackin, 173 AD3d 465, 466 [1st Dept 2019]; Gordillo v Champ Hill LLC., 157 AD3d 470 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022